# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>         Plaintiff,<br><br>    v.<br><br>PROWN,<br><br>         Defendant. | Case No. **1:14-cv-00910-JLT (PC)**<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT AND DISMISSING THE COMPLAINT WITH LEAVE FOR PLAINTIFF TO FILE A FIRST AMENDED COMPLAINT**<br><br>**(Docs. 1, 10)**<br><br>**30-DAY DEADLINE** |

**I. Background**

Plaintiff, Archie Cranford, is a civil detainee proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 13, 2014. (Doc. 1.) The Court screened the Complaint pursuant to 28 U.S.C. § 1915A and found that it states a cognizable claim for relief under section 1983 against Defendant Brown (erroneously sued herein as Jessica Prown) for excessive force and deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment. (Doc. 8.)

**A. Defendant's Motion**

Defendant filed a motion for order requiring Plaintiff to provide a more definite statement of his claim(s) he intends to pursue in the Complaint to assist in fully understanding Plaintiff's allegations against her in this action. (Doc. 10.)

1

In particular, Defendant argues that the complaint "sets forth multiple possible claims that vary from excessive force to deliberate indifference. But the allegations are vague as to whom they apply. Thus ambiguity prevents Defendant from reasonably addressing the complaint." (Doc. 10 at 2) The Court agrees.

Though it appears that Plaintiff claims that Defendant knocked him to the floor and caused him injury, he asserts other claims related to the medical care that he received or did not receive afterward without demonstrating how Defendant was connected to this action.

Defendant's motion for more definite statement is **GRANTED**. Plaintiff SHALL file a first amended complaint which specifically describes the alleged personal involvement of Defendant and his best recollection of the dates that each described act occurred. To that end, Plaintiff is given the below standards to assist in his drafting of the first amended complaint.

### B. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555.  Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.  While "plaintiffs [now] face a higher burden of pleadings facts . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  However, courts are not required to indulge unwarranted inferences. *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

If he chooses to file a first amended complaint, Plaintiff should endeavor to make it as concise as possible.  He should merely state which of his constitutional rights he feels were violated by each Defendant and its factual basis.

### 2. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th

3

Cir. 1978).  In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff must clarify the acts and dates of acts by Defendant that he feels make Defendant responsible for each violation of his constitutional rights and their factual basis as his Complaint must put each Defendant on notice of Plaintiff's claims against him or her.  *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).  Further, since a Deputy Attorney General filed the motion for more definite statement on behalf of the defendant and indicates that she is actually Jessica Brown, erroneously sued herein as Jessica Prown, Plaintiff should be sure to spell the defendant's last name correctly.

### 3. Exhibits

Plaintiff need not attach exhibits to a first amended complaint.  The Court is not a repository for the parties' evidence.  Originals, or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) need not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court).  If Plaintiff attaches exhibits to his amended complaint, each exhibit must be specifically referenced. Fed. R. Civ. Pro. 10(c).  For example, Plaintiff must state "see Exhibit A" or something similar in order to direct the Court to the specific exhibit Plaintiff is referencing.  Further, if the exhibit consists of more than one page, Plaintiff must reference the specific page of the exhibit (i.e. "See Exhibit A, page 3").

At this point, the submission of evidence is premature as Plaintiff is only required to state a prima facie claim for relief.  Plaintiff is reminded that, for screening purposes, the Court must assume that Plaintiff's factual allegations are true.  It is unnecessary for a plaintiff to submit exhibits in support of the allegations in a complaint.  Plaintiff would do well to simply state the facts upon which he alleges Defendant has violated his constitutional rights and refrain from submitting exhibits.

### C. Plaintiff's Allegations

Plaintiff alleges that during the p.m. shift of August 7, 2013, Defendant became physically

4

and verbally aggressive towards Plaintiff as she has apparently done before, mostly Plaintiff just smiles and walks away to another part of the unit, but this time, Defendant chased after Plaintiff and attempted to physically take Plaintiff down without provocation. (Doc. 1, p. 3.) Plaintiff alleges that this injured his spine and several muscles and as the incident occurred, Plaintiff heard bones breaking and stated he was in serious need of the housing unit's doctor, but Defendant laughed and asked if Plaintiff hurt, and when Plaintiff responded in the affirmative, she stated "good." (*Id.*, at p. 4.) Plaintiff alleges that Defendant failed to provide adequate medical care. (*Id.*.) Plaintiff also alleges that Defendant verbally abused him and forced him to take his medication when he refused to do so. (*Id.*)

### D. Legal Standards

#### 1. Eighth Amendment

##### a. Excessive use of Force

The Eighth Amendment prohibits those who operate our prisons from using "excessive physical force against inmates." *Farmer v. Brennan*, 511 U.S. 825 (1994); *Hoptowit v. Ray*, 682 F.2d 1237, 1246, 1250 (9th Cir.1982) (prison officials have "a duty to take reasonable steps to protect inmates from physical abuse"); *see also Vaughan v. Ricketts*, 859 F.2d 736, 741 (9th Cir.1988), cert. denied, 490 U.S. 1012 (1989) ("prison administrators' indifference to brutal behavior by guards toward inmates [is] sufficient to state an Eighth Amendment claim"). As courts have succinctly observed, "[p]ersons are sent to prison as punishment, not *for* punishment." *Gordon v. Faber*, 800 F.Supp. 797, 800 (N.D.Iowa 1992) (citation omitted), *aff'd*, 973 F.2d 686 (8th Cir. 1992). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" *Farmer*, 511 U.S. at 834, 114 S.Ct. at 1977 (quoting *Rhodes*, 452 U.S. at 347).

Although the Eighth Amendment protects against cruel and unusual punishment, this does not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer de minimis injuries. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (8th Amendment excludes from constitutional recognition de minimis uses of force). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of

whether significant injury is evident. *Id.* at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10 (internal quotations marks and citations omitted).

With the leniencies to be given to detained pro se parties, Plaintiff's allegations that he was merely walking away from Defendant when she attempted to take him down without provocation causing bones to break and injury to his spine and muscles states a cognizable claim against Defendant.

However, mere verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983, *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987), so Plaintiff is unable to state a cognizable claim against Defendant based on the verbal abuse he alleges.

### b. Deliberate Indifference to Serious Medical Needs

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quotation marks omitted)).

The existence of a condition or injury that a reasonable doctor would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, and the existence of chronic or substantial pain are indications of a serious medical need. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)) (quotation marks omitted); *Doty v.*

1  *County of Lassen*, 37 F.3d 540, 546 n.3 (9th Cir. 1994). For screening purposes, Plaintiff's
2  cognitive difficulties and related disorders are accepted as serious medical needs.

3  Deliberate indifference is "a state of mind more blameworthy than negligence" and
4  "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer*, 511
5  U.S. at 835 (quoting *Whitley*, 475 U.S. at 319). "Deliberate indifference is a high legal standard."
6  *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official
7  must not only 'be aware of the facts from which the inference could be drawn that a substantial
8  risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting
9  *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not,
10 then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.*
11 (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

12 In medical cases, this requires showing: (a) a purposeful act or failure to respond to a
13 prisoner's pain or possible medical need and (b) harm caused by the indifference. *Wilhelm*, 680
14 F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096). More generally, deliberate indifference "may
15 appear when prison officials deny, delay or intentionally interfere with medical treatment, or it
16 may be shown by the way in which prison physicians provide medical care." *Id.* (internal
17 quotation marks omitted). Under *Jett*, "[a] prisoner need not show his harm was substantial." *Id.*;
18 *see also McGuckin*, 974 F.2d at 1060 ("[A] finding that the defendant's activities resulted in
19 'substantial' harm to the prisoner is not necessary.").

20 Plaintiff's allegations that he stated that he needed a doctor after Defendant took him
21 down, but that her response was to ask him if he hurt and then responded good when he answered
22 in the affirmative nears cognizability, but Plaintiff would do well to state what his injuries were
23 to show that he had a serious medical need along with what medical measures he received and
24 when he received them to clarify whether he was subjected to deliberate indifference for the
25 treatment of his injuries.

26 **c. Involuntary Medication**

27 Plaintiff alleges that Defendant cannot force him to take medications when he refuses to
28 do so. However, "the Due Process clause permits the State to treat a prison inmate who has a

7

serious mental illness, with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest" as long as the decision to medicate against his will is neither arbitrary, nor erroneous, and comports with procedural due process. *Washington v. Harper* 494 U.S. 210, 227-29 (1990).

Plaintiff has not included enough factual information to discern whether he may be involuntarily medicated. If he desires to pursue such a claim, he must state true factual allegations addressing the above elements that show that any medication against his will is arbitrary, erroneous, and/or does not comport with procedural due process. Likewise, any such claim may eventually be defeated if Defendant presents evidence that any involuntary medication was not arbitrary, erroneous, and/or comported with procedural due process.

## II.  CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is dismissed, with leave to file a first amended complaint within thirty days. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

Plaintiff should refrain from restating legal theories and/or case citations and should merely state the events that occurred upon which he bases his claim(s).

Plaintiff must demonstrate in any first amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). The first amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's first amended complaint should be brief. Fed. R. Civ. P. 8(a). Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although accepted as true, the "[f]actual allegations must be

[sufficient] to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within 30 days from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order; and
4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **October 14, 2014**                    **/s/ Jennifer L. Thurston**
                                                                  UNITED STATES MAGISTRATE JUDGE

9