# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>                Plaintiff,<br><br>       v.<br><br>PROWN,<br><br>                Defendant. | **Case No.  1:14-cv-00910-JLT (PC)**<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER**<br><br>**(Docs. 1, 10, 13)**<br><br>**30-DAY DEADLINE** |

Plaintiff, Archie Cranford, is a civil detainee proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 13, 2014. (Doc. 1.) The Court screened the Complaint pursuant to 28 U.S.C. § 1915A and found that it states a cognizable claim for relief under section 1983 against Defendant Brown (erroneously sued herein as Jessica Prown) for excessive force and deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment. (Doc. 8.) Defendant filed a motion for order requiring Plaintiff to provide a more definite statement of his claim(s) he intends to pursue in the Complaint to assist in fully understanding Plaintiff's allegations against her in this action. (Docs. 10.) On October 31, 2014, an order issued granting Defendant's motion and ordering Plaintiff to file a first amended complaint within thirty days. (Doc. 13.) More than thirty days have passed and Plaintiff has failed to file an amended complaint or otherwise respond to the Court's Order.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or

of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is ORDERED to show cause in writing **within 30 days** of the date of service of this Order why the action should not be dismissed for his failure comply with the Court's order.

IT IS SO ORDERED.

Dated:   **December 11, 2014**              /s/ Jennifer L. Thurston
                                           UNITED STATES MAGISTRATE JUDGE

2