# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>             Plaintiff,<br><br>     v.<br><br>PROWN,<br><br>             Defendant. | Case No. 1:14-cv-00910-AWI-JLT (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, FOR FAILURE TO COMPLY WITH COURT ORDER AND FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>(Docs. 11, 14, 15)<br><br>30- DAY OBJECTION DEADLINE |

**I. Findings**

    **A. Procedural History**

    Plaintiff, Archie Cranford, is a civil detainee proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 13, 2014. (Doc. 1.)

    The Court screened the Complaint pursuant to 28 U.S.C. § 1915A and found, under the leniencies to be extended to pro se that it stated a cognizable claim for relief under section 1983 against Defendant Brown (erroneously sued herein as Jessica Prown) for excessive force and deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment. (Doc. 8.) Defendant filed a motion for Plaintiff to provide a more definite statement of his claim(s) he intends to pursue in the Complaint to assist in understanding Plaintiff's allegations against her in this action in order to respond to the pleading and prepare a defense. (Doc. 10.) On

October 31, 2014, the Court granted Defendant's motion and ordered Plaintiff to file a first amended complaint within thirty days. (Doc. 13.) More than thirty days passed without Plaintiff filing an amended complaint or otherwise responding to the Court's Order. Thus, on December 11, 2014, an order issued requiring Plaintiff to show cause why this action should not be dismissed for his failure to comply with the Court's order. (Doc. 14.) On December 22, 2014, Plaintiff filed his response to the order to show cause ("Response"). (Doc. 15.)

### B. Plaintiff's Response to the Order to Show Cause

Plaintiff's Response fails to provide any explanation for his failure to file a first amended complaint when ordered to do so. (Doc. 15.) Rather, his response is one sentence that runs on for twenty-four typed lines that starts out stating that he was waiting for discovery proceedings to be opened and a time table and jury trial to be set and then appears to attempt to give a "more precise statement" as defendants requested in the body of his response. (Doc. 15.)

The order requiring Plaintiff to file a first amended complaint provided the legal standards for pleadings and for claims of excessive force, deliberate indifference to serious medical needs, and for involuntary medication[1] and directed Plaintiff to specifically describe the alleged personal involvement of Defendant and his best recollection of the dates that each described act occurred. (Doc. 11.) However, even the "more precise statement" that Plaintiff gives in his Response does not state any cognizable claims upon which this action might proceed. Thus, Plaintiff's Response is reviewed as to any claims he attempts to state therein. However, as discussed below, Plaintiff fails to state any cognizable claims in his Response such that this action should be dismissed.

## II. Analysis

### A. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary

---

[1] Plaintiff makes no reference to any claim regarding being involuntarily medicated in his Response so such claim is not addressed herein.

relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

### B. Plaintiff's "More Precise Statement"[3]

In his response to the order to show cause, Plaintiff states:

> . . . as requested by defeandents counsel hear is a more precise statement as follows in the earler mounth of 2014 plaintiff was during the P.M. shift in line of the medication line complying with the hippa standard when plaintiff was attacked by fellow patients the defendant was assigned as med aceast and was in posbion to help plaintiff eather by sounding her personal alarm calling for help or atemptimpting to keep plaintiffs injuryys to a minamim she failed to do bouth Inadequate medical care by not takeing plaintiff ot the medical clinic she blaintley violated the medical care standard as in cranford v. Henderson 2008 u.s. dist. Lexis 17470, 5-9 (c)cal jan 172008) acivily committed person claim that his medical care violated constitutional standards is goverened by the professional judgment standard setforthbin (youngberg) the supreme court has declaired the decishion if made by a profesional is presumptively vailid liability may be imposed only when decision by the decision if made by a professional is presumptively valid liability may beimposed only when the decision by the profesional is such a substantial departure from accepted profesional judgment practice or standards as to demonstrate that the person responsible actually did not base the descishion on such a dishion on such a judgment.

(Doc. 15.)

For the reasons that follow, this does not state any cognizable claims against the Defendant such that this action should be dismissed.

### C. Legal Standards[4]

#### 1. Eighth Amendment

##### a. Failure to Protect

---

[2] Plaintiff was previously reminded that any amended complaint would supercede the original complaint and must be "complete in itself without reference to the prior or superceded pleading." (Doc. 11, 9:9-12, citing , *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), Local Rule 220.

[3] This is a verbatim excerpt of the majority of Plaintiff's Response.  No corrections of the various grammatical and typographical errors have been attempted here, or elsewhere herein, as they are illustrative of the difficulties that Defendant would encounter in attempting to decipher Plaintiff's claims against her.

[4] "Persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." *Youngberg v. Romeo*, 457 U.S. 307, 322 (1982).  As such, Plaintiff is entitled, at a minimum, to those rights provided to inmates confined in penal institution. *McNeal v. Mayberg*, 2008 U.S. Dist. LEXIS 101926 at *3, 2008 WL 5114650 (E.D.Cal. Dec. 3, 2008). Thus, the Court is on sound footing in relying upon cases involving incarcerated persons as a constitutional minimum to which Plaintiff is entitled.

Plaintiff appears to have changed his allegations from asserting that Defendant attacked him to alleging that Defendant watched and did not act to help him when he was attacked by other patients.  (Doc. 15.)

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970 (1994) (citing *Helling v. McKinney*, 509 U.S. 25, 31 (1993)).  Prison officials have a duty "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (citing *Farmer*, 511 U.S. at 832-33; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005)).

To establish a violation of this duty, the prisoner must "show that the officials acted with deliberate indifference to threat of serious harm or injury to an inmate." *Labatad*, at 1160 (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002).  This involves both objective and subjective components.

First, objectively, the alleged deprivation must be "sufficiently serious" and where a failure to prevent harm is alleged, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834, quoting *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S.Ct. 2392 (1981).  Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995).  A prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . must also draw the inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970.  Liability may follow only if a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id*. at 847, 114 S.Ct. 1970.

Plaintiff's allegations that ". . . in the earler mounth of 2014 plaintiff was during the P.M. shift in line of the medication line complying with the hippa standard when plaintiff was attacked by fellow patients the defendant was assigned as med aceast and was in posbion to help plaintiff eather by sounding her personal alarm calling for help or atemptimpting to keep plaintiffs injuryys

4

to a minamim she failed to do bouth" are conclusory since they are, as best as can be deciphered, only merely consistent with Defendant's liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Further, since Plaintiff's allegations have morphed from previously alleging that Defendant attacked Plaintiff to now asserting that Defendant failed to protect him when he was being attacked by fellow patients, they fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969. Finally, these allegations do not show that Defendant was aware of facts from which could be drawn, and actually drew the inference that a substantial risk of serious harm existed such as actually seeing other patients attacking Plaintiff. *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970. Thus, Plaintiff fails to state a cognizable claim against Defendant for failing to protect him from a substantial risk of serious harm.

### b. Deliberate Indifference to Serious Medical Needs

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quotation marks omitted)).

The existence of a condition or injury that a reasonable doctor would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, and the existence of chronic or substantial pain are indications of a serious medical need. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)) (quotation marks omitted); *Doty v. County of Lassen*, 37 F.3d 540, 546 n.3 (9th Cir. 1994).

Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer*, 511 U.S. at 835 (quoting *Whitley*, 475 U.S. at 319). "Deliberate indifference is a high legal standard."

*Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

> On this claim, Plaintiff now alleges
>> Inadequate medical care by not takeing plaintiff ot the medical clinic she blaintley violated the medical care standard as in cranford v. Henderson 2008 u.s. dist. Lexis 17470, 5-9 (c)cal jan 172008) acivily committed person claim that his medical care violated constitutional standards is goverened by the professional judgment standard setforthbin (youngberg) the supreme court has declaired the decishion if made by a profeshional is presumptively vailid liability may be imposed only when decision by the decision if made by a professional is presumptively valid liability may beimposed only when the decision by the profeshional is such a substantial departure from accepted profeshional judgment practice or standards as to demonstrate that the person responsible actually did not base the descishion on such a dishion on such a judgment.

Plaintiff's only factual allegations on this issue are that Defendant did not take him to the medical clinic.  These allegations do not show what, if any serious medical need Plaintiff had for Defendant to have been deliberately indifferent to by not taking him to the medical clinic.  The rest of these allegations are nothing more than conclusory, legal statements which the Court may not accept as true.  *Iqbal.* at 678; *see also Moss*, 572 F.3d at 969; *Twombly*, 550 U.S. at 556-557.  Thus, Plaintiff fails to state a cognizable claim against Defendant for deliberate indifference to his serious medical needs in violation of the Eight Amendment.

**III.  Conclusion**

Plaintiff both failed to show cause why his action should not be dismissed for his failure to obey the Court's order to file a first amended complaint and his Response to the order to show cause likewise fails to state a cognizable claim against Defendant.  Given the substantive changes in Plaintiff's allegations regarding the physical altercation he allegedly sustained, in the original Complaint from Defendant's own hands and in his Response at the hands of other patients, it appears that allowing further attempts at amendment would serve no purpose other than to solicit

fabrication.

Accordingly, it is HEREBY RECOMMENDED that this entire action be dismissed with prejudice for Plaintiff's failure to comply with a court order and for his failure to state a cognizable claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **30 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 30, 2014**              /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE